GRIFFIN *v.* GRIFFIN.

DIVORCE — CONDONATION — ADULTERY — HUSBAND AND WIFE — IN-
SANITY.

It is a fair inference, from the fact that complainant waited five years before filing a bill for divorce on the ground of adultery, during which time the wife became insane, that he had condoned the offense so as to bar equitable relief, the question whether defendant was irresponsible when she committed the offense being also in doubt.

Appeal from Muskegon; Sullivan, J. Submitted October 10, 1913. (Docket No. 21.) Decided November 3, 1913.

Bill by Frank B. Griffin against Gertrude F. Griffin for divorce. Ida Evans was appointed guardian *ad*

*litem.* From a decree for complainant, defendant appeals. Reversed.

*Edward McNamara,* for complainant.
*Sutherland, Johnson & Sessions,* for defendant.

OSTRANDER, J. It is charged in the bill that defendant committed adultery in the city of Cadillac, Mich., February 28, 1907, and before and after that time. It is further charged that defendant was committed to the Northern Asylum for the Insane as an insane patient April 9, 1909, and discharged therefrom October 11, 1911; that "at the time when said defendant committed adultery as related in paragraph 6 of this bill, she was in her right mind and sane." It is charged that two children, offspring of the marriage, born, respectively, in June, 1903, and in November, 1904, are living, and that there was born to defendant about November 30, 1907, a child, of whom complainant says he has always believed he was not the father, although he is unable to say whether he is or is not the father. It is charged that the parties lived and cohabited together until on or about February 20, 1907. The bill was filed February 2, 1912. We infer that a guardian *ad litem* was duly appointed for defendant; this because the record discloses that she answered the bill by her guardian and no question is raised as to her authority.

The answer sets up, among others, the following facts: Defendant was returned to the Asylum on or about March 5, 1912; her release therefrom in October, 1911, being temporary. Upon information and belief, the charges of adultery are denied, with the statement that if the act expressly charged was committed, defendant was irresponsible, and if it was committed, it was condoned and forgiven by complainant, who has since lived with her as his wife with knowledge of the fact. The cause was heard in open

court, and a decree was entered dissolving the marriage. Custody of the two older children was given to the father and mother of defendant, with certain restrictions and conditions, and complainant is ordered to pay $4 weekly for their support, maintenance, and education. The third child is not mentioned in the decree. The guardian *ad litem* has appealed.

There was some competent testimony introduced tending to prove that defendant is guilty of the offense with which she is charged; that, at least, she corresponded, sexually, with a man not her husband. If she was responsible for her conduct, the offense is fairly proven. As to her responsibility the testimony leaves us in doubt, and in much greater doubt about complainant's subsequent conduct. This doubt is so considerable that after admitting the advantage afforded to the lower court by seeing and hearing the witnesses, we are not satisfied that a cause for divorce has been made out. Complainant waited almost five years before seeking relief. It is a fair inference that he did in fact condone, or excuse, the conduct which he now brings forward as a ground for divorce. The children are directly, and the public is generally, concerned with the matter. The defendant is, apparently, unable to defend herself.

However unfortunate complainant's position may be, we are constrained, after careful reflection, to reverse the decree of the court below and dismiss the bill. Complainant will be required to pay to the guardian *ad litem* a solicitor's fee of $25 and pay the cost of printing the record and briefs.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.